UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DRYBULK INTERTRADE LTD.,                              :
                                                     :
                    Plaintiff,                       :        08 Civ.
                                                     :
      - against -                                    :        ECF CASE
                                                     :
SHREE LAXMI TRADING CORPORATION                      :
EXPORT (INDIA), MUMBAI a/k/a                          :
SREE LAXMI TRADING CORP. EXPORT                       :
(INDIA)                                              :
                                                     :
                    Defendant.                       :
-------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, DRYBULK INTERTRADE LTD. (hereinafter "Drybulk" or "Plaintiff"), by and

through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against

the Defendant, SHREE LAXMI TRADING CORPORATION EXPORT (INDIA), MUMBAI a/k/a

SREE LAXMI TRADING CORP. EXPORT (INDIA), (hereinafter "Shree Laxmi" or "Defendant")

alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  This claim involves the breach

of maritime contract of charter.  This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331.

2.      At all times material to this action, Drybulk was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of the British Virgin Islands.

3.      Upon information and belief, Shree Laxmi was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of India.

4.    At all times material to this action, Drybulk was the owner of the vessel "M/V HALINA" (hereinafter "the Vessel").

5.    By a charter party dated April 11, 2008, (hereinafter "the charter party"), Drybulk voyage chartered the Vessel to Shree Laxmi for the carriage of 4,000 metric tons of bulk maize and 20,000 metric tons of bulk barley from the loading port of Kandla, India, and discharging at one safe port in Red Sea, Saudi Arabia. *A copy of the charter party is attached hereto as Exhibit "1."*

6.    Pursuant to the terms of the charter party, Drybulk delivered the Vessel into the service of Shree Laxmi and has at all times fully performed its duties and obligations under the charter party.

7.    The charter party provides for payment of demurrage[1] at the rate of $20,000.00 per day, pro rata.  *See Exhibit "1"*.

8.    Shree Laxmi completed its voyage charter under the charter party. The Charter Party allowed for 7 days, 10 hours and 5 minutes of laytime[2]. Shree Laxmi used 18 days, 14 hours and 30 minutes of laytime. Accordingly, Shree Laxmi owed 11 days, 4 hours and 25 minutes of demurrage at $20,000 per day pro rata, for a total of $223,680.15 due and owing to Drybulk. *See Laytime Statement attached hereto as Exhibit "2"*.

9.    Additionally, upon completion of the voyage, Shree Laxmi owed to Drybulk the sum of $40,000.00 for mobile crane hire charges at Port Jeddah.

10.    On or about June 9, 2008, Drybulk sent Shree Laxmi an invoice requesting payment in the total sum of $263,680.15 for outstanding demurrage and crane hire charges. *See invoice dated June 9, 2008, attached hereto as Exhibit "3"*.

---

[1] Demurrage is a fixed sum, per day or per hour, agreed to be paid for the detention of the vessel under charter at the expiration of laytime allowed.

[2] Laytime refers to the time allowed by the shipowner to the voyage charterer in which to load and/or discharge the cargo.

2

11.    The charter party also provided for payment of freight at the rate of $57.00 United States dollars per metric ton. *See Exhibit "1".*

12.    Upon completion of the voyage, Shree Laxmi owed dead freight for quantity of 2399.77 metric tons and freight rate of $57.00, less 2.5 percent commission, for total dead freight charges due and owing to Drybulk in the amount of $133,367.22.

13.    On or about June 9, 2008, Drybulk sent Shree Laxmi an invoice requesting payment of $133,367.22 for outstanding dead freight payments. *See invoice dated June 9, 2008, attached hereto as Exhibit "4".*

14.    Additionally, pursuant to the terms of the charter party, Shree Laxmi owed freight charges in the amount of $1,221,556.37 United States dollars. Shree Laxmi remitted payment in the amount of 50664589.00 Indian Rupees, leaving a balance due and owing of $15,543.77 United States dollars. *See invoice for the exchange loss on freight payment dated June 9, 2008 and outward exchange rate of United States Dollars, attached hereto as Exhibit "5".*

15.    Defendant has breached the terms of the charter party by failing to pay demurrage, mobile crane hire, dead freight and the exchange loss on the freight payment due and owing to Plaintiff in the total amount of $412,591.14 under the Charter Party.

16.    Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in Dubai with English law to apply. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

17.    This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of Dubai arbitration proceedings.

18.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

19.     As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| a. | Plaintiff's Principal Claim: | $ | 412,591.14 |
| | *Outstanding demurrage, mobile crane hire, dead freight and exchange loss on freight payment* | | |
| b. | Interest for 2 years, compounded quarterly at 7%: | $ | 61,427.31 |
| c. | Estimated arbitration costs: | $ | 20,000.00 |
| d. | Estimated recoverable legal fees and costs: | $ | 145,000.00 |
| **Total:** | | **$** | **639,018.45** |

20.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit "6".*

21.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any proeprty of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

C.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount **$639,018.45** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.      That this Court enter Judgment against Defendant on the claims set forth herein;

E.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

5

Dated: July 1, 2008
Southport, CT

The Plaintiff,
DRYBULK INTERTRADE LTD.

By: _Annu C. leVaneu_

Patrick F. Lennon
Anne C. LeVasseur
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
acl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )      ss.:      Town of Southport.
County of Fairfield   )

    1.    My name is Anne C. LeVasseur.

    2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

    3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and

belief.

    5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

    6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or

representatives of the Plaintiff.

    7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      Southport, CT
            July 1, 2008

                                        Anne C. LeVasseur
                                       Anne C. LeVasseur

EXHIBIT 1

| 1. Shipowner<br>FATECHAND & SONS<br><br>SHAAN MARINE SERVICES PVT LTD | RECOMMENDED<br>THE BALTIC AND INTERNATIONAL MARITIME COUNCIL<br>UNIFORM GENERAL CHARTER (AS REVISED 1922, 1976 and 1994)<br>(To be used for trades for which no specially approved form is in force)<br>CODE NAME: "GENCON"<br><br>3. Place and date    MUMBAI  11/4/2008 |
|---|---|
| 2. Place of business (Cl. 1)<br>DRYBULK INTERTRADE LTD.<br>DUBAI | 4. Charterers/Place of business (Cl. 1)<br>SHREE LAXMI TRADING CORPORATION<br>EXPORT (INDIA)., MUMBAI |
| 5. Vessel's name (Cl. 1)<br>M.V.HALINA | 6. GT/NT (Cl. 1)<br>15368/9318 |
| 7. DWT all told in metric tons abt. (on summer load line) (Cl. 1)<br>25131 MTS ON 9.750 M DRAFT | 8. Present position (Cl. 1)<br>PERSIAN GULF SAILING 16thAPRIL<br>ETA KANDLA 20th APRIL 2008 |
| 9. Expected ready to load (abt.) (Cl. 1)<br>17thAPRIL 2008 | |
| 10. Loading port or place (Cl. 1)<br>KANDLA  1SB/1SP | 11. Discharging port or place (Cl. 1)<br>ONE SAFE PORT IN RED SEA SAUDI<br>ARABIA 1SB |
| 12. Cargo (also state quantity and margin in Owners' option, if agreed; if full and complete cargo not agreed state "part cargo") (Cl. 1)<br>4000 MT BULK MAIZE + 20,000 MTS BULK BARLEY 5 PCT MORE OR LESS<br>AT SPAST 45 WOG BY NATURAL SEPERATION. | |
| 13. Freight rate (also state whether freight prepaid or payable on delivery) (Cl. 4)<br>USD 57.00 PMTS ON DRAFT SURVEY<br>QUANTITY | 14. Freight payment (state currency and method of payment; also beneficiary and bank account) (Cl. 4)<br>SEE RIDER CL 20 |
| 15. State if vessel's cargo handling gear shall not be used (Cl. 5)<br>WILL BE USED | 16. Laytime (if separate laytime for load and disch. is agreed, fill in a) and b). If total laytime for load and disch., fill in c) only) (Cl. 6) |
| 17. Shippers/Place of business (Cl. 6)<br>MUMBAI | (a) Laytime for loading<br>SEE RIDER CL 22 25 |
| 18. Agents (loading) (Cl. 6)<br>CHARTERERS NOMINATED | (b) Laytime for discharging<br>SEE RIDER CL 25 |
| 19. Agents (discharging) (Cl. 6)<br>CHARTERERS NOMINATED | (c) Total laytime for loading and discharging |
| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7)<br>USD 20,000 PDPR/HALF DESPATCH<br>WORKING TIME SAVED BOTH ENDS | 21. Cancelling date (Cl. 9)<br>25th APRIL 2008 |
| | 22. General Average to be adjusted at (Cl. 12)<br>LONDON |
| 23. Freight Tax (state if for the Owners' account) (Cl. 13 (c))<br>OWNERS ACCOUNT | 24. Brokerage commission and to whom payable (Cl. 15)<br>1.25 PCT  ADDCOM<br>1.25 PCT  FATECHAND |
| 25. Law and Arbitration (state 19 (a), 19 (b) or 19 (c) of Cl. 19; if 19 (c) agreed also state Place of Arbitration) (if not filled in 19 (a) shall apply) (Cl. 19)<br>DUBAI, ENGLISH LAW TO APPLY | 1.25 PCT  SHAAN MARINE |
| (*) (Indicate alternative agreed, if any) (Cl. 13 (b)) | 26. Additional clauses covering special provisions, if agreed<br>CL 20 TO CL 45 |

It is mutually agreed that this Contract shall be performed subject to the conditions contained in this Charter Party which shall include Part I as well as Part II. In the event of a conflict of conditions, the provisions of Part I shall prevail over those of Part II to the extent of such conflict.



Signature (Owners)  M/s. DRYBULK INTERTRADE    Signature (Charterers) M/s. SHREE LAXMI TRADING
                                                   CORPORATION  EXPORT(INDIA)





"Gencon" Charter for Revised 1922, 1976 and 1994








RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA.),MUMBAI CHARTER PARTY DATED 11 $^{TH}$ APRIL 2008

CLAUSE 20: FREIGHT PAYMENT AT US\$1 57.00 PMT

100 PCT FREIGHT LESS COMMISSION ON BILLS OF LADING QUANTITY SHALL BE
PAYABLE AGAINST OWNERS INVOICE SENT TO CHARTERERS BY FAX AND FOLLOWED IN
ORIGINAL IN U.S.\$ INTO OWNERS NOMINATED BANK ACCOUNT WITH IN 3 (THREE)
BANKING DAYS UPON COMPLETION OF LOADING. FREIGHT PAYABLE ALWAYS BEFORE
BREAKING BULK AND OWNERS HAVE RIGHT TO REFUSE DISCHARGE WHILE WAITING FOR
FREIGHT CONFIRMATION AND TIME TO COUNT ORIGINAL BILLS OF LADING MARKED
"FREIGHT PREPAID" TO BE RELEASED TO SHIPPERS ON THE OWNER'S CONFIRMATION OF
RECEIVING SWIFT COPY OF REMITTANCES BY FAX OR E-MAIL.

FREIGHT DEEMED EARNED ON COMPLETION OF LOADING DISCOUNTLESS AND NON-
REFUNDABLE VESSEL AND/OR CARGO LOST OR NOT. OWNERS HAVE THE RIGHT OF LIEN
AGAINST THE CARGO FOR FREIGHT, DEAD FREIGHT, GENERAL AVERAGE CONTRIBUTION
AND DEMURRAGE.

BANK ACCOUNT AS FOLLOWS:

Please be informed that the owners name and owners banking details are:

Owners Name                    :        DRYBULK INTERTRADE LTD.

Owners banking Details                  HABIB BANK AG ZURICH
                                        CORPORATE BRANCH,
                                        P.O.BOX 1622
                                        DUBAI, U.A.E.
                                        USD ACCOUNT NO. 020102-20430-333-310500
                                        SWIFT CODE HBZUAEAD
                                        BENEFICIARY DRYBULK INTERTRADE LTD
                                        CORRESPONDENT BANK; BANK OF NEW
                                        YORK, NEW YORK
                                        SWIFT CODE IRVTUS3N
                                        A/C NO. 8033380748 OF HABIB BANK AG
                                        ZURICH

CLAUSE 21: BILLS OF LADING
"FREIGHT PAYABLE AS PER O/P" BILL OF LADING TO BE RELEASED TO SHIPPERS
STRICTLY IN ACCORDANCE WITH MATE'S RECEIPT AND AS PER AUTHORITY FROM
MASTER OF VESSEL.

IN CASE CHARTERERS REQUIRE BILLS OF LADING MARKED "FREIGHT PREPAID" SAME
TO BE ISSUED AND HELD IN CUSTODY OF SHAAN MARINE SERVICES PVT LTD, MUMBAI
AND SHALL BE RELEASED BY OWNERS IMMEDIATELY AGAINST CHARTERERS PROVIDING
OWNERS WITH COPY OF THEIR BANK TESTED-SWIFT COPY CONFIRMING IRREVOCABLE
REMITTANCE ON FREIGHT STATTIG AMOUNT IN OWNERS NOMINATED BANK.

MASTER OF VESSEL TO ISSUE A PROPER AUTHORITY LETTER TO SHAAN MARINE
SERVICES PVT LTD, MUMBAI THROUGH LOAD PORT AGENTS . AT LOAD PORT TO SIGN
AND RELEASE THE RELEVANT BILLS OF LADING BUT ALWAYS IN STRICT CONFORMITY
TO MATE'S RECEIPT. CONGEN BILLS OF LADING TO BE USED.




RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA.) MUMBAI CHARTER PARTY DATED 17 TH APRIL 2008

CLAUSE 22: AGENTS/ NOTICE OF ARRIVAL

FOR LOAD PORT

THE OWNERS/MASTER AND OR THEIR AGENTS SHALL SERVE TENTATIVE NOTICE OF
ARRIVAL UPON CLEAN FIXING OF VESSEL TO CHARTS SHREE LAXMI TRADING
CORPORATION EXPORTS INDIA, MUMBAI AND MASTER AND OR THEIR AGENT SHALL
THEN FOLLOW UP WITH 5/3/2/1 DAYS ETA NOTICE OF VESSEL EXPECTED DATE OF
ARRIVAL AT LOADING PORT BY TELEX/FAX/ CABLE/EMAIL OR RADIO TO FOLLOWING
PARTIES

A.   M/S SHREE LAXMI TRADING CORPORATION EXPORTS INDIA, MUMBAI MR DILIP
KABRA
       EMAIL: dlc5500@yahoo.co.in

B. SHAAN MARINE SERVICES PVT LTD   AS BROKERS
   EMAIL: ppsingh@shaanmarine.com

C. .LOAD PORT AS AGENTS UNIVERSAL SHIPPING
   EMAIL: transshipfiner@gmail.com

D. FATEHCHAND N SONS AS BROKERS
   EMAIL: chartering@fchand.com

FOR DISCHARGE PORT

UPON SAILING FROM LOAD PORT OWNERS/MASTER AND OR THEIR AGENTS SHALL
PROVIDE BY EACH/TEL/DOC/ON LINE OF SAILING WITH ETA DISCHARGE PORT, AND ARRIVAL
DRAFT FOLLOWED BY 5/3/2/1 DAYS NOTICE TO FOLLOWING PARTIES
A AND B AND OR PARTIES AS MENTIONED FOR LOAD PORT ABOVE AND DISCHARGE PORT
AGENTS DETAILS WILL BE ADVISED LATER ON CONFIRMATION OF DISCHARGE PORT .

CLAUSE 23: NOTICE OF READINESS AND LAYTIME

AT LOADING PORT NOR TO BE SERVED WIPON/WISCON/WICCON/WIPPON DURING OFFICE
HOURS I.E. 0900 TO 1700 HRS FROM MONDAY TO FRIDAY AND BETWEEN 0900 TO 1200
HOURS ON SATURDAY TO CHARTERERS/SHIPPERS.

AT DISCHARGING PORT NOR TO BE SERVED WIPON/WISCON/WIPPON/WICCON DURING
OFFICE HOURS I.E. 0900 TO 1700 HOURS FROM SATURDAY TO WEDNESDAY AND BETWEEN
0900 TO 1200 HOURS ON THURSDAY TO CHARTERERS AND RECEIVERS.

AT LOAD PORT TIME TO COMMENCE FROM 1300 HRS IF NOR TENDERED UPTO 1200 HRS
AND AT 0800 HRS THE FOLLOWING WORKING DAY IF NOR TENDERED AT 1200 HRS OR
THERE AFTER

TIME USED BEFORE COMMENCEMENT OF LAYTIME SHALL NOT COUNT.

LAYTIME NON-REVERSIBLE.

AT DISCHARGE PORT TIME TO COUNT FROM 1300 HOURS IF NOR TENDERED UPTO  1200
HOURS AND AT 0800 HOURS FOLLOWING DAY  IF NOR TENDERED AT 1200 HOURS OR
THERE AFTER.




RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA.),MUMBAI CHARTER PARTY DATED 11 TH APRIL 2008

CLAUSE 26: HATCHS HOLDS CLEANLINESS

CHRTS TO APPOINT SURVEYOR TO INSPECT VESSEL HOLDS AT THEIR COSTS. IF
HATCHES FOUND UNFIT TO LOAD THAN TIME FROM FINDING HATCHES UNFIT TILL
HATCHES DECLARED BY SURVEYORS FIT TO LOAD NOT TO COUNT. AS LOAD PORT IS
KANDLA CHARTERERS TO ARRANGE AT 50 PCT THEIR COST AND 50 PCT COST TO BE
BORNE BY OWNERS TO SEND SURVEYORS TO OTB FOR INSPECTION AND IF HATCHES
FAILED THAN SECOND SURVEY IF LAUNCHES REQUIRED THAN ALL COST TO OWNERS
TILL HATCHES PASSED BY SURVEYORS.

CLAUSE 27: LOADING AND DISCHARGING RATE

THE CHARTERERS SHALL LOAD CARGO AT THE RATE OF 4000 MTS PER WEATHER
WORKING DAY SUNDAYS AND HOLIDAYS EXCLUDED EVEN IF USED. TIME FROM
SATURDAY NOON OR 1700 HOURS PROCEEDING HOLIDAY TILL 0800 HOURS ON MONDAY
OR NEXT WORKING DAY NOT TO COUNT EVEN IF USED.

THE CHARTERERS SHALL DISCHARGE AT AT THE RATE OF 3000 MTS PER WEATHER
WORKING DAY FRIDAY AND HOLIDAYS EXCLUDED EVEN IF USED. TIME FROM 1200
HOURS ON THURSDAY OR 1700 HOURS PRECEDING HOLIDAY TILL 0800 HOURS ON
SATURDAY OR NEXT WORKING DAY NOT TO COUNT EVEN IF USED.

CLAUSE 28 SHIFTING

SHIFTING IF ANY AT BENDS TO BE FOR CHARTERERS ACCOUNT IF ON CARGO OTHERWISE
ON OWNERS ACCOUNT AND TIME TO COUNT AS LAYTIME.

CLAUSE 27: DEMURRAGE / DESPATCH

DEMURRAGE USD 20,000.00 PDPR. DESPATCH USD 10,000.00 ON WORKING TIME SAVED
FOR BOTH PORTS . LOAD PORT DEMURAGE AND/OR DESPATCH TO BE SETTLED WITH
FREIGHT PAYMENT. DISCHARGE PORT DEMURAGE AND/OR DESPATCH TO BE SETTLED
WITHIN 15 DAYS AFTER COMPLETION OF DISCHARGE AND GUARANTEED BY
CHARTERERS. LAYTIME CALCULATION SHALL BE BASED STRICTLY AS PER STATEMENT
OF FACTS AND OFFICIAL WORKING TIME SHEET PREPARED AT THE RESPECTIVE PORTS IN
COMPLIANCE WITH CHARTER PARTY CLAUSES.

CLAUSE 28

CARGO TO BE TRIMMED AFTER COMPLETION OF LOADING BY THE CHARTERERS TO THE
SATISFACTION OF SURVEYORS IN CONSULTATION WITH THE MASTER OF THE VESSEL
PRIOR TO DEPARTURE OF VESSEL FROM LOAD PORT



RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA.),MUMBAI CHARTER PARTY DATED 11 TH APRIL 2008

CLAUSE 10: VESSEL DESCRIPTION

| | |
|---|---|
| NAME | : MV HALINA |
| PORT OF REGISTRY | : PANAMA |
| FLAG OF REGISTRY | : PANAMA |
| CALL SIGN | : 3EPPG |
| IMO NUMBER | : 7452991 |
| OFFICIAL NUMBER | : 36877- PEXT |
| TYPE OF VESSEL | : BULK CARRIER |
| CLASSIFICATION SOCIETY | : RUSSIAN MARITIME REGISTER OF SHIPPING |
| YARD AND YEAR BUILT | : 1980 COMPANHIA COMERCIO ENAVEGACAO, BRAZIL |
| LENGTHOVER (LOA) | : 171.159 M |
| LENGTH BETWEEN PERPENDICULARS (LBP): 162.80 M | |
| BREADTH MOULDED | : 26.4 M |
| DEPTH MOULDED | : 13.50 M |
| SUMMER TPC | : 73.228 TONS/cm |
| SUMMER DEADWEIGHT | : 26,131 DRAFT 9.750 M |
| TROPICAL DEADWEIGHT | : 26194 DRAFT 5.033 M |
| FRESS WATER ALLOWANCE | : 231 MM |
| CRANES | : 4 x 10 MTS SWL, LIEBHERR |
| (VESSEL DETAILS ALL ABOUT WOG) | |

CLAUSE 72: P N I AND H AND M

OWNERS GUARANTEE THAT THE PERFORMING VESSEL HAS FULL INSURANCE COVER FOR
HULL AND MACHINERY AND A VALID P AND I COVER AND SAME WILL BE MAINTAINED
UNTIL COMPLETION OF DISCHARGE AND IS FULLY ISPS COMPLIANT.

CLAUSE 3: BROKERAGE AND COMMISSION

TOTAL COMMISSION 3.25 PCT ON FREIGHT, DEMURRAGE ,DEAD FREIGHT AND DETENTION
TO BE DEDUCTED FROM FREIGHT FROM WHICH 1.25 PCT WILL BE AS ADDRESS
COMMISSION TO CHARTERERS  AND PAYABLE 1.25 PCT TO ISAAN MARINE SERVICES PVT
LTD. MUMBAI AND 1.25 PCT TO PATECHAND N SONS , MUMBAI AS PER INVOICE DETAILS .
COMMISSION TO BE DEDUCTED FROM FREIGHT AND TO BE PAID BY CHARTERERS TO
RESPECTIVE PARTIES WITHIN 10 DAYS OF FREIGHT PAYMENT.

CLAUSE 12: OVERTIME

OVERTIME ORDERED BY CHARTERERS OR THE PORT AUTHORITIES FOR ANY REASONS
RELATING TO WORKING OF THIS CARGO SHALL ALWAYS BE ON CHARTERERS ACCOUNT
AT BOTH ENDS. SIMILARLY ANY OVERTIME FOR OFFICERS AND CREW SHALL ALWAYS BE
ON OWNERS ACCOUNT.

CLAUSE 13: VESSEL ITINERARY

VESSEL AT PERSIAN GULF AND EXPECTED TO SAIL FOR LOADING 18TH APRIL 2008 AGW
WP.

CLAUSE 14: GENERAL AVERAGE / ARBITRATION

GENERAL AVERAGE / ARBITRATION IN DUBAI AND ENGLISH LAW TO APPLY. IN THE
EVENT OF ANY DISPUTE NOT SETTLED BETWEEN THE TWO PARTIES MUTUALLY, THE
MATTER IS TO BE REFERRED TO ARBITRATION WITH EACH PARTY APPOINTING AN
ARBITRATOR. IN CASE ARBITRATORS FAIL TO REACH A UNANIMOUS DECISION, THEY
SHALL APPOINT AN UMPIRE, WHOSE DECISION SHALL BE FINAL AND BINDING ON BOTH
PARTIES




RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA), MUMBAI CHARTER PARTY DATED 11 ᵀᴴ APRIL 2002

CLAUSE 35: TAXES / DUES / OVERAGE PREMIUM

ANY TAXES, DUES, WHARFAGES ON VESSEL/FLAG AND/ON FREIGHT TO BE FOR OWNERS
ACCOUNT. ANY TAXES, DUES, WHARFAGES ON CARGO TO BE FOR CHARTS OR SHIPPERS/
RECEIVERS ACCOUNT.

FREE EXTRS DUE TO AGE/FLAG/OWNERSHIP OVER AGE PREMIUM TO BE CHARTS
ACCOUNT WHILE OWNERS TO CONTRIBUTE USD 500.00 AND SAME TO BE DEDUCTED
FROM FREIGHT AND SHOWN IN FREIGHT INVOICE BY OWNERS.

CLAUSE 36: LETTER OF INDEMNITY

CHARTERERS WILL MAKE EVERY ENDEAVOUR TO ENSURE THAT ORIGINAL BILLS OF
LADING WILL BE MADE AVAILABLE AT DISCHARGE PORT ON OR BEFORE VESSEL'S
ARRIVAL TO DISCHARGE. HOWEVER, IF ORIGINAL BILLS OF LADING ARE NOT
AVAILABLE, THEN OWNERS MASTER TO PERMIT DISCHARGE OF CARGO AGAINST
CHARTERERS LETTER OF INDEMNITY AS PER OWNER'S P N I CLUB WORDING BUT
WITHOUT BANK ENDORSEMENT.

CLAUSE 37:

IN CASE OF ANY CARGO RELATED DISPUTES AT DISCHARGE PORT OWNERS TO PROVIDE
LOI AND ENABLE SAILING OF VESSEL WITHOUT DELAYS UPON COMPLETION OF
DISCHARGE. DISPUTES TO BE SETTLED AS PER INTERCLUB AGREEMENT.

CLAUSE 38: STEVEDORE DAMAGE TO THE VESSEL

STEVEDORE DAMAGE TO BE SETTLED BETWEEN STEVEDORES AND OWNERS. CHARTS TO
ASSIST IN SETTLEMENT. HOWEVER CHARTS REMAIN ULTIMATELY RESPONSIBLE.

CLAUSE 39:

OWNERS UNDERTAKE THAT VESSEL HAS NEITHER BEEN SOLD NOR SHALL BE SOLD FOR
SCRAPPING OR OTHERWISE DURING CURRENCY OF THIS CHARTER PARTY.

CLAUSE 40: LIGHTENING

LIGHTERAGE/LIGHETNING IF ANY TO BE CHARTS/ SHIPPERS/ RECEIVERS ACCOUNT

CLAUSE 41: DRAFT SURVEY

OWNERS AND CHARTERERS BOTH TO APPOINT SURVEYORS TO ASCERTAIN CARGO
QUANTITY LOADED ON BOARD, AS THERE WILL BE TWO COMMODITIES TEAM FOR
SMALLER QUANTITY COMMODITY BILLS OF LADINGS QUANTITY TO BE TAKEN AS PER
SHIPPERS AND FOR SECOND COMMODITY BILLS OF LADING TO HAVE BALANCE FIGURE
TO AVOID DELAYS TO VESSEL AND SIMULTANEOUSLY LOADING OF BOTH CARGOES.

CLAUSE 42: ADDITIONAL CLAUSES CONSIDERED INCORPORATED

U.S.A PARAMOUNT CLAUSE/ BILLS OF LADING CLAUSE, P&I BUNKERING CLAUSE, NEW
BOTH TO BLAME COLLISION CLAUSE, GENERAL AVERAGE CLAUSE, NEW JASON CLAUSE,
CHAMBER OF SHIPPING WAR RISK CLAUSES 1 AND 2 ARE DEEMED TO BE INCORPORATED
HEREIN.

-5-



RIDER CLAUSES TO M V HALINA/ACCT SHREE LAXMI TRADING EXPORTS
(INDIA-), MUMBAI CHARTER PARTY DATED 11 TH APRIL 2008

CLAUSE 43: CONFIDENTIALITY

THE ENTIRE CONTENTS OF THIS CHARTER PARTY AGREEMENT TO BE KEPT STRICTLY
PRIVATE AND CONFIDENTIAL BY BOTH PARTIES AND SHALL BE DISCLOSED TO ANY
THIRD PARTY (S) WHO IS CONNECTED WITH EXECUTION OF THE SUBJECTS OF CONTRACT
OF CARRIAGE ONLY.

CLAUSE 44: CARGO QUANTITY AND DEAD FREIGHT

MASTER TO DECLARE LOADABLE QUANTITY AND STOWAGE PLAN. CHARTERERS TO
TENDER CARGO AS PER STOWAGE PLAN AND IN CASE MASTER UNABLE TO LOAD THE
SAME THEN CHARTERERS NOT RESPONSIBLE FOR DEAD FREIGHT. DEAD FREIGHT IS
PAYABLE IN CASE OF NON-AVAILABILITY OF CARGO FOR FULL AND COMPLETE LOADING
OF VESSEL. IF VESSEL UNABLE TO LOAD DECLARED QUANTITY THAN CHARTERERS
RESERVE THEIR RIGHT TO CLAIM BACK TO TOWN EXPENSES.

CLAUSE 45: VESSEL TO GIVE FREE USE OF CARGO GEAR AND LIGHTS AT NIGHT AS
REQUIRED BY CHARTS AT LOAD AND DISCHARGE PORTS

FOR DRYBULK INTERTRADE LTD.   FOR SHREE LAXMI TRADING EXPORTS
                                         (INDIA)
DUBAI. U.A.E                          MUMBAI ,INDIA

AS OWNERS                             AS CHARTERERS

-6-

EXHIBIT 2

## M.V. HALINA - LAYTIME CALCULATION (DISCHARGE PORT)

ACCOUNT : SREE LAXMI TRADING CORP,EXPORT (INDIA)
FROM / TO : KANDLA / JEDDAH
CARGO : BULK BARLEY

DISCHARGE PORT : JEDDAH
CARGO QTY : 22,250.227 MT
DISCHARGE RATE : 3000 MT/DAY - FHEX EIU
DEMURRAGE RATE : 20,000 PDPR
DESPATCH RATE : HD WTS BENDS                                    TIME ALLOWED : 7DAYS 10HRS 5MINS

| DAY | DATE | FROM | UNTIL | REMARK / DESCRIPTION | DAYS | HRS | MINS |
|-----|------|------|-------|---------------------|------|-----|------|
| FRI | 16.05.08 | 0910 HRS | | VESSEL ARRIVED | | | |
| | 16.05.08 | 1400 HRS | | NOR TENDERED | | | |
| | | 1400 HRS | 2400 HRS | NTC | | | |
| SAT | 17.05.08 | 0000 HRS | 1300 HRS | NTC | | | |
| | | 1300 HRS | 2400 HRS | TIME TO COUNT | | 11 HRS | |
| SUN | 18.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| MON | 19.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| TUE | 20.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| WED | 21.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| THU | 22.05.08 | 0000 HRS | 1200 HRS | TIME TO COUNT | | 12 HRS | |
| | | 1200 HRS | 2400 HRS | NTC | | | |
| FRI | 23.05.08 | 0000 HRS | 2400 HRS | NTC | | | |
| SAT | 24.05.08 | 0000 HRS | 0800 HRS | NTC | | | |
| | | 0800 HRS | 2400 HRS | TIME TO COUNT | | 16 HRS | |
| SUN | 25.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| MON | 26.05.08 | 0000 HRS | 1905 HRS | TIME TO COUNT | | 19 HRS | 5 MINS |
| | | 1905 HRS | 2400 HRS | VESSEL ON DEMURRAGE | | 4 HRS | 55 MINS |
| TUE | 27.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| WED | 28.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| THU | 29.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| FRI | 30.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| SAT | 31.05.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| SUN | 01.06.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| MON | 02.06.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| TUE | 03.06.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| WED | 04.06.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| THU | 05.06.08 | 0000 HRS | 2400 HRS | TIME TO COUNT | 1 DAY | | |
| FRI | 06.06.08 | 0000 HRS | 2330 HRS | COMPLETED DISCHARGE | | 23 HRS | 30 MINS |
| TOTAL | | | | | 18 DAYS | 14 HRS | 30 MINS |

TIME ALLOWED        : 7 DAYS 10 HRS 05 MINS
TIME USED           : 18 DAYS 14 HRS 30 MINS
EXCESS TIME USED    : 11 DAYS 04 HRS 25 MINS

DEMURRAGE DUE : 11DAYS 04HRS 25MINS @ USD. 20,000 PDPR = USD. 223,680.55

EXHIBIT 3



# DRYBLUK INTERTRADE LTD.

P.O. BOX : 659 ROAD TOWN, TORTOLA, BRITISH VIRGIN ISLAND.

Date: 09/06/08

Inv No: HAL/SLT - 02

## INVOICE

TO: M/S SREE LAXMI TRADING CORP. EXPORT
MUMBAI - INDIA

MV. HALINA C/P DTD 11/04/08 KANDLA - JEDDAH

| | | |
|---|---|---|
| DISCHARGE PORT DEMURRAGE | = | 223,680.15 USD |
| ADD: MOBILE CRANE HIRE CHARGES AT PORT JEDDAH | = | 40,000.00 USD |
| **TOTAL AMOUNT DUE:** | = | **263,680.15 USD** |

(USD TWO HUNDRED SIXTY THREE THOUSAND SIX HUNDRED EIGHTY AND
CENTS FIFTEEN ONLY)

KINDLY PAY THE ABOVE AMOUNT TO OUR LOCAL AGENTS M/S ATLANTIC
SHIPPING PVT LTD. BY DEMAND DRAFT IN LOCAL CONVERTIBLE INDIAN
RUPEES AS PER CURRENT RATE OF EXCHANGE PREVAILING THE DAY OF
PAYMENT.

FOR DRYBULK INTERTRADE LTD.

AUTHORIZED SIGNATORY.
E&O.E

EXHIBIT 4



# DRYBLUK INTERTRADE LTD.
P.O. BOX ; 659 ROAD TOWN, TORTOLA, BRITTISH VIRGIN ISLAND.

Date: 09/06/08                                      Inv No: HAL/SLT - 03

## INVOICE

TO: M/S SREE LAXMI TRADING CORP. EXPORT
MUMBAI - INDIA

MV, HALINA C/P DTD 11/04/08 KANDLA - JEDDAH

DEAD FREIGHT: 2399.77 X 57 USD PMT                    = 136,786.89 USD
LESS: 2.5% COMM (1.25% ADCOMM + 1.25% SHAAN MARINE)   =   3,419.67 USD

| TOTAL DEAD FREIGHT DUE: | = 133,367.22 USD |
|---|---|

(USD ONE HUNDRED THIRTY THREE THOUSAND THREE HUNDRED SIXTY
SEVEN AND CENTS TWENTY TWO ONLY)

KINDLY PAY THE ABOVE AMOUNT TO OUR LOCAL AGENTS M/S ATLANTIC
SHIPPING PVT LTD. BY DEMAND DRAFT IN LOCAL CONVERTIBLE INDIAN
RUPEES AS PER CURRENT RATE OF EXCHANGE PREVAILING THE DAY OF
PAYMENT.

FOR DRYBULK INTERTRADE LTD.

AUTHORIZED SIGNATORY.
E&O.E

EXHIBIT 5



# DRYBLUK INTERTRADE LTD.

P.O. BOX : 659 ROAD TOWN, TORTOLA, BRITTISH VIRGIN ISLAND.

Date : 09/06/08

Inv No. : HAL/SAT – 04

### INVOICE

M/S SREE LAXMI TRADING CORP. EXPORT
MUMBAI – INDIA.

## MV. HALINA C/P DTD. 11/04/08 KANDLA – JEDDAH

EXCHANGE LOSS ON THE FREIGHT PAYMENT OF MV. HALINA.

TOTAL AMOUNT DUE AS PER FREIGHT INV. NO. HAL/SLT – 07   = USD. 1,221,556.17

AMOUNT DUE IN INDIAN RUPEES AS PER THE SBI ROE ON          = IRS. 51317583.00
09/05/08 ( 1USD. = IRS. 42.01 )

AMOUNT PAID BY CHARTRS BY DEMAND DRAFT DTD. 09.0508  = IRS. 50664589.00
AS PER THE ROE ( 1USD. = IRS. 41.475)

TTL EXCHANGE LOSS IN INDIAN RUPEES                        = IRS. 6,52,994.00
EQUIVALENT TO USD. 15,543.77

(IRS. SIX LAKHS FIFTY TWO THOUSAND NINE HUNDRED NINETY FOUR ONLY)

KINDLY ARRANGE TO PAY THE ABOVE AMOUNT TO OUR LOCAL AGENTS M/S ATLANTIC SHIPPING PVT LTD. BY DEMAND DRAFT .

FOR DRYBLUK INTERTRADE LTD.

AUTHORIZED SIGNATORY.
E.&O.E

08-JUN-2008 14:03    ATLANTIC SHIPPING PVT. L.   83877319        P. 01




**ATLANTIC SHIPPING PVT. LTD**

Head Office :
Suite No. 1 / 2 / 23 / 96, M. 1, Estate, D. S. Marg, Worli, Mumbai 400 018.
Tel. : 91-22-6667 7800 - 10. • Fax : 2496 8215.
E-Mail - atlantic@atanticshpg.com • Website - http://www.atlanticshpg.com



Dated : 09.06.2008.

To,
The Manager.
State Bank of India.
Worli, Mumbai.

### Sub : Outward T.T. Exchange Rate of USD

Dear Sir,

We kindly request you to issue us a Outward TT Exchange Rate Certificate of US
Dollars for the following dates :

07.05.2008

08.05.2008

09.05.2008        42·01

12.05.2008

13.05.2008

The said certificate is required for the Freight settlement purpose of the vessel MV.
Halima at Kandla.

Kindly do the needful & oblige.

Your's faithfully,
For Atlantic Shipping Pvt. Ltd.

Authorised Signatory.

REGD. OFFICE : 124-B, Mittal Court, 224, Nariman Point, Mumbai 400 021. (IND-

EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DRYBULK INTERTRADE LTD.,                            :
                                                    :
                    Plaintiff,                      :        08 Civ.
                                                    :
        - against -                                 :        ECF CASE
                                                    :
SHREE LAXMI TRADING CORPORATION                     :
EXPORT (INDIA), MUMBAI a/k/a                         :
SREE LAXMI TRADING CORP. EXPORT                     :
(INDIA)                                             :
                                                    :
                    Defendant.                      :
-------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut   )
                       )        ss: SOUTHPORT
County of Fairfield    )

        Anne C. LeVasseur, being duly sworn, deposes and says:

        1.     I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANT IS NOT PRESENT IN THE DISTRICT

        2.     I have attempted to locate the Defendant, SHREE LAXMI TRADING

CORPORATION EXPORT (INDIA), MUMBAI a/k/a SREE LAXMI TRADING CORP.

EXPORT (INDIA), within this District. As part of my investigation to locate the Defendant

within this District, I checked the telephone company information directory, as well as the white

and yellow pages for New York listed on the Internet or World Wide Web, and did not find any

listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant.

   3.    I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    4.    Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are . believed to be due and owing to the Defendant.

    5.    This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

    6.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold property of, for or on account of, the Defendant.

    7.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

-2-

8.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.    Further, in order to avoid the need to physically serve the garnishees/banks daily and repetitively, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

-3-

## PRAYER FOR RELIEF TO TEMPORARILY SEAL CASE

11.    Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

12.    Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

13.    Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

14.    The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

15.    The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendant.

16.    Indeed, the public's access to Ex-Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

-4-

17.     For the foregoing reasons, Plaintiff requests that the Court issue an Order temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

18.     This request is narrowly tailored to meet Plaintiff's needs. Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated:     July 1, 2008
           Southport, CT

                                                    _Anne C. LeVasseur_
                                                    Anne C. LeVasseur

Sworn and subscribed to before me
This 1st day of July, 2008

_Mary E. Fordhal_
Notary Public

—5—